JUSTICE McKINNON,
dissenting.
¶35 I respectfully dissent from the Court’s holding that an insured has standing to enforce the UTPA based solely on the filing of a claim by a third-party claimant. This holding is contrary to basic principles of standing and justiciability. I further dissent from the Court’s holding that USAA is not entitled to summary judgment on McVey’s UTPA cause of action. This holding is based on a mistaken understanding of the timing of McVey’s UIM claim.
¶36 Following is a timeline of the pertinent events in this case:
July 26, 2007 - McVey and Blough are involved in an automobile accident.
July 27, 2007 - Blough files a property claim with USAA.
July to Sept. 2007 - USAA claims adjuster Theda conducts an investigation, including an interview with Blough on August 1, two interviews with McVey on separate days in August, a review of the police report, and an inspection by an independent adjuster. Sept. 12,2007 - Theda concludes that McVey is “majority at fault.” *519 USAA pays Blough’s property claim.
Sept. 14,2007 - McVey’s attorney notifies USAA that she will sue Blough for damages.
Feb. 18, 2008 - USAA receives the report of Blough’s reconstruction expert, which indicates that McVey was at fault. Jan. 20, 2009 - McVey files suit against Blough.
Feb. 10, 2009 - McVey’s attorney advises USAA that she will be submitting a UIM claim with USAA.
May 26, 2010 - McVey provides USAA with a second reconstruction expert’s report, which states that Blough was at fault. McVey informs USAA that she settled the litigation with Blough for the policy limits, and she demands payment of her UIM claim. USAA thereafter hires a third expert to evaluate the accident reports.
Sept. 23, 2010 - USAA pays McVey the UIM policy limits.
¶37 The Court holds that Blough’s act of filing a third-party claim with USAA gave McVey (the insured) standing to enforce the UTPA. Opinion, ¶¶ 20-21. But at that time, McVey did not have a pending claim with USAA that required a liability determination or investigation. The only pending claim that triggered USAA’s investigation of the accident was Blough’s claim for property damage, and Blough thus was the only party who could claim any sort of injury if USAA conducted an inadequate investigation. The Court’s conclusion that McVey could file an action under the UTPA premised on USAA’s handling of Blough’s claim lacks any basis in law. To maintain an action, McVey must demonstrate her own injury under the UTPA.
¶38 Under §§33-18-201(4) and -242(1), MCA, an insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer’s refusal to pay claims without conducting a reasonable investigation. However, it is an elemental principle of justiciability that a plaintiff cannot maintain an action unless she clearly alleges a past, present, or threatened injury to a property or civil right which would be alleviated by successfully maintaining the action. Heffernan v. Missoula City Council, 2011 MT 91, ¶ 33, 360 Mont. 207, 255 P.3d 80. Furthermore, “as a prudential matter,” a plaintiff is generally restricted to asserting her own rights and not those of third parties. Williamson v. Mont. Pub. Serv. Commn., 2012 MT 32, ¶¶ 28, 42, 364 Mont. 128, 272 P.3d 71.
¶39 McVey’s UIM claim was premised on the assertion that Blough’s motor vehicle had been underinsured. She presented this claim to *520 USAA, at the earliest, in February 2009. At that time, her lawsuit against Blough was in its infancy. McVey did not demand payment from USAA under her UIM coverage until May 2010, after settlement of her lawsuit against Blough. I agree with the Court that if USAA had then denied coverage to McVey based solely on its initial, allegedly inadequate investigation of Blough’s claim three years earlier (in the summer of 2007), then McVey would have suffered the requisite “injury” to establish standing for a lawsuit under the UTPA. See Opinion, ¶¶ 22-23. But that would only be because McVey had, by that point, filed her own claim necessitating an investigation of the accident. The filing of a “claim” is a prerequisite to the pursuit of a UTPA action by that claimant premised on a violation of §33-18-201(4), MCA. An insured cannot claim injury based solely on how the insurer investigates a claim made by a third party. I accordingly disagree with the Court’s conclusion at ¶ 21 that Blough’s filing of a property claim, by itself, gave McVey grounds to invoke the protections of §33-18-201(4) and -242, MCA.
¶40 Turning now to the specifics of McVey’s UTPA action, the facts do not support the Court’s assertion that USAA denied McVey’s UIM claim based on Theda’s earlier determination in September 2007 that McVey had been majority at fault. Opinion, ¶ 23. McVey’s UIM coverage provided for the payment of damages that she was legally entitled to recover from the owner or operator of an underinsured motor vehicle. The purpose of UIM coverage ‘is to provide a source of indemnification when the tortfeasor does not provide adequate indemnification.” Hardy v. Progressive Specialty Ins. Co., 2003 MT 85, ¶ 21, 315 Mont. 107, 67 P.3d 892. Although McVey filed her UIM claim with USAA in February 2009, she was not eligible for such coverage until it was determined that Blough was at fault and that his insurance coverage was insufficient to compensate McVey for her damages. That was the purpose of McVey’s lawsuit against Blough. From January 2009 to May 2010, she was involved in litigation against Blough to establish which party was at fault. In May 2010, McVey settled her case against Blough for his policy limits and notified USAA of the settlement. At that time, McVey provided USAA with the report of her accident reconstruction expert and asserted her eligibility for UIM coverage. Once USAA received the report of McVey’s expert, USAA investigated and concluded that Blough was at fault. USAA then paid the policy limits of McVey’s UIM coverage in September 2010.
¶41 McVey has not asserted that USAA neglected to effectuate a *521 prompt, fair, and equitable settlement of her UIM claim. See §33-18-201(6), MCA. Rather, she has asserted specifically that USAA refused to pay her claim without conducting a reasonable investigation based on all available information. See § 33-18-201(4), MCA. Yet, USAA never refused to pay her claim. Quite the contrary, once McVey settled her lawsuit against Blough and demanded payment under her UIM coverage, USAA conducted an investigation in light of the expert report that McVey had only recently provided, and USAA then paid McVey’s UIM claim. The Court’s suggestion that USAA “waited more than three years” to pay McVey’s claim, Opinion, ¶ 24, is simply an incorrect recitation of the facts. (Not only that, it is irrelevant given that McVey has not asserted a claim under § 33-18-201(6), MCA.) McVey did not even present her UIM claim until February 2009, and her eligibility for UIM coverage did not arise until she settled the Blough lawsuit in May 2010.
¶42 Based on the undisputed facts, USAA is entitled to summary judgment on McVey’s UTPA claim. I would affirm the District Court. I dissent from this Court’s contrary decision.